IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| John Doe #1, John Doe #2, John Doe #3 | |
| Plaintiffs, | Case No.: 14-CV-23933-Huck/McAliley |
| vs. | |
| Miami-Dade County, Florida, et al, | |
| Defendants. | |

_____

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN ADDITIONAL PARTIES**

Plaintiffs, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 15(a) and 20(a)(1), and Local Rule 15.1, request leave to file the attached Second Amended Complaint to add and drop parties, and as grounds state as follows:

1. On October 23, 2014, four plaintiffs filed this action asking this Court to declare that Miami-Dade County's sex offender residency restriction is unconstitutional based on vagueness, substantive due process, and the Ex Post Facto clauses of the state and federal constitutions. Plaintiffs sued Miami-Dade County and the Florida Department of Corrections.

2. Plaintiffs included three homeless individuals affected by the residency restriction and Florida Action Committee, a membership organization which advocates reforming the sex offender laws in Florida.

3. Plaintiffs filed an amended complaint on December 20, 2014, and this Court dismissed all claims with prejudice on April 3, 2015.

4. Plaintiffs appealed the dismissal, but only as to the Ex Post Facto claim against Miami-Dade County.

5. The Eleventh Circuit Court of Appeals issued its amended opinion on January 25, 2017, and issued the mandate on April 27, 2017. The Circuit Court affirmed the dismissal as to John Doe #2 and Florida Action Committee, but reversed the dismissal as to John Doe #1 and John Doe #3.

6. Plaintiffs now seek to amend the Complaint to conform it to the appellate opinion, to drop John Doe #1 as a plaintiff, and add John Doe #4, John Doe #5, John Doe #6, and John Doe #7 as plaintiffs.

7. The deadline to file motions to amend pleadings or join additional parties is October 2, 2017. This motion is timely.

8. In accordance with Local Rule 15.1, Plaintiffs' proposed Second Amended Complaint is attached as an exhibit.

## MEMORANDUM OF LAW

9. A motion to amend to join additional parties requires consideration of both Rule 20 (Joinder of Parties) and Rule 15 (Amendment of Pleadings). *Access Pictures, LLC v. Sony Pictures Home Entm't, Inc.*, No. 16-20529-CIV, 2017 WL 3107202, at *2 (S.D. Fla. Feb. 21, 2017).

10. Under Rule 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of

the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

11.     "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of the disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000).

12.     The new plaintiffs are all individuals made homeless by the County's residency restrictions. Each of the new plaintiffs' criminal offense occurred prior to the County enacting the residency restriction, and they all seek to challenge the County's ordinance for violating the Ex Post Facto clauses of the Florida and United States constitutions. Their claims all arise from the same occurrence: the County's enactment of the residency restriction. Their claims all involve the same question of law: whether the residency restriction is an unconstitutional ex post facto law.

13.     Adding the new plaintiffs will expedite a resolution to this issue and avoid having each of them unnecessarily file separate lawsuits to challenge the residency restriction.

14.     Under Rule 15(a), leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

15.     "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Under Rule 15's liberal policy, there must be a substantial reason for a

court to deny leave to amend. *Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985). No such reason is present here.

16. This motion is made in good faith, in the interest of justice, and not for the purposes of delay. Defendant has no objection to Plaintiffs' amending the complaint and will not be prejudiced by this amendment. Defendant has yet to propound discovery on the current plaintiffs. As mentioned above, it would not serve judicial economy to require the new plaintiffs to file separate, individual lawsuits challenging the County's ordinance.

WHEREFORE, Plaintiffs respectfully request this Court to grant Plaintiffs' Motion for Leave to File Second Amended Complaint.

**Certificate of Pre-Filing Conference**

Pursuant to Local Rule 7.1(a)(3), counsel for Plaintiffs have conferred with counsel for Defendant in a good faith effort to resolve the issues raised in the motion. Defendants have no objection to the relief sought in this motion.

Respectfully submitted,

*/s/ Nancy G. Abudu*

Nancy G. Abudu
Florida Bar No. 111881
Daniel B. Tilley
Florida Bar No. 102882
ACLU Foundation of Florida
4343 W. Flagler St., Ste. 400
Miami, FL 33134
T: 786-363-2707
F: 786-363-1108
nabudu@aclufl.org
dtilley@aclufl.org

Brandon J. Buskey* (ASB2753A50B)
Ezekiel Edwards*
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004
T: 212-284-7364
F: 212-549-2654
bbuskey@aclu.org
eedwards@aclu.org

*Admitted pro hac vice*

Jeffrey M. Hearne
Florida Bar No. 512060
Daniel Rowinsky Quintian
Florida Bar No. 105525
Legal Services of Greater Miami, Inc.
4343 W. Flagler, Ste. 100
Miami, Florida 33134

T: 305-576-0080
F: 305-573-5800
jhearne@legalservicesmiami.org
drowinsky@legalservicesmiami.org
*Legal Services only represents John Doe #3, John Doe #4, and John Doe #5*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2017, I electronically served the foregoing document on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Nancy G. Abudu*
Nancy G. Abudu