**United States District Court**
**Southern District of Florida**
**Case No. 14-23933-Civ-Huck/Otazo-Reyes**

**John Doe #3**, et al.,
    Plaintiffs,

v.

**Miami-Dade County,**,
    Defendants.

## Miami-Dade County's Answer and Affirmative Defenses to the Plaintiffs' Second Amended Complaint

Pursuant to Fed. R. Civ. P. 8, Defendant Miami-Dade County answers the Plaintiffs' Second Amended Complaint, D.E. 90, and asserts the following defenses:

### Answer

1. Miami-Dade County denies the allegations in Paragraph 1.
2. Miami-Dade County denies the allegations in Paragraph 2.
3. Miami-Dade County is without knowledge as to the allegations in Paragraph 3.
4. Miami-Dade County is without knowledge as to the allegations in Paragraph 4.
5. Miami-Dade County is without knowledge as to the allegations in Paragraph 5.
6. Miami-Dade County denies the allegations in Paragraph 6.
7. As to Paragraph 7, Miami-Dade County is without knowledge as to whether all Plaintiffs committed their offenses before the County enacted the Ordinance. In addition, Miami-Dade County only admits that Plaintiffs have filed an action under 42 U.S. § 1983 asserting ex post facto claims, but it denies the validity of that action.
8. As to Paragraph 8, Miami-Dade County only admits that Plaintiffs seek the relief described; it denies Plaintiffs' entitlement to that relief.

### Jurisdiction and Venue

9. As to Paragraph 9, Miami-Dade County only admits that Plaintiffs have raised a federal claim and that this Court has jurisdiction over that claim. Miami-Dade County, however, denies the validity of that claim.

10. As to Paragraph 10, Miami-Dade County admits that this Court has the general authority to grant declaratory and injunctive relief. Miami-Dade County, however, denies that such relief is merited in this case and denies that Plaintiffs have asserted claims that are enforceable under 42 U.S.C. § 1983.
11. As to Paragraph 11, Miami-Dade County admits that this Court has supplemental jurisdiction over Plaintiffs' state law claim; Miami-Dade County, however, denies the validity of that claim.
12. As to Paragraph 12, Miami-Dade County admits that it resides in this judicial district and that venue is proper. Miami-Dade County is without knowledge as to whether all Plaintiffs reside in this judicial district and denies all other allegations in Paragraph 12.

## Parties

### *Plaintiffs*

13. As to Paragraph 13, Miami-Dade County admits that John Doe #3 meets the definition of "sexual offender" under the Ordinance; it is without knowledge as to the remaining allegations in Paragraph 13.
14. As to Paragraph 14, Miami-Dade County admits that John Doe #3 is in his late 50's; it is without knowledge as to the remaining allegations in Paragraph 14.
15. Miami-Dade County is without knowledge as to the allegations in Paragraph 15.
16. As to Paragraph 16, Miami-Dade County admits that John Doe #3 was convicted in 1999 of lewd and lascivious conduct with a child under 16 years of age and unlawful sexual activity with certain minors under Fla. Stat. 794.065(1). Miami-Dade County is without knowledge as to the precise age of the minor(s) that John Doe #3 sexually abused.
17. Miami-Dade County admits the allegations in Paragraph 17.
18. Miami-Dade County is without knowledge as to the allegations in Paragraph 18.
19. Miami-Dade County is without knowledge as to the allegations in Paragraph 19.
20. As to Paragraph 20, Miami-Dade County denies that the Miami-Dade Police Department has "approved" this location as John Doe #3's residence; it is without knowledge as to the remaining allegations in Paragraph 20.
21. As to Paragraph 21, Miami-Dade County denies that John Doe #3 has been unable to obtain rental housing in compliance with the Ordinance despite repeated attempts. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 21.
22. Miami-Dade County denies the allegations in Paragraph 22.

23. Miami-Dade County denies the allegations in Paragraph 23.
24. As to Paragraph 24, Miami-Dade County admits that John Doe #4 meets the definition of "sexual offender" under the Ordinance; it is without knowledge as to the remaining allegations in Paragraph 24.
25. As to Paragraph 25, Miami-Dade County admits that John Doe #4 is in his mid-60's. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 25.
26. As to Paragraph 26, Miami-Dade County admits that John Doe #4 was charged with an applicable sexual offense in 1993; it is without knowledge as to the remaining allegations in Paragraph 26.
27. Miami-Dade County is without knowledge as to the allegations in Paragraph 27.
28. As to Paragraph 28, Miami-Dade County denies that the Ordinance caused John Doe #4 to not find a place to live, become homeless, and sleep at a homeless shelter. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 28.
29. Miami-Dade County is without knowledge as to the allegations in Paragraph 29.
30. Miami-Dade County denies the allegations in Paragraph 30.
31. Miami-Dade County is without knowledge as to the allegations in Paragraph 31.
32. Miami-Dade County is without knowledge as to the allegations in Paragraph 32.
33. Miami-Dade County is without knowledge as to the allegations in Paragraph 33.
34. Miami-Dade County is without knowledge as to the allegations in Paragraph 34.
35. As to Paragraph 35 of the Complaint, Miami-Dade County denies that John Doe #4 has been unable to obtain rental housing in compliance with the Ordinance despite repeated attempts. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 35.
36. Miami-Dade County denies the allegations in Paragraph 36.
37. Miami-Dade County denies the allegations in Paragraph 37.
38. As to Paragraph 38, Miami-Dade County admits that John Doe #5 meets the definition of "sexual offender" under the Ordinance; it is without knowledge as to the remaining allegations in Paragraph 38.
39. As to Paragraph 39, Miami-Dade County admits that John Doe #5 is in his late 50's; it is without knowledge as to the remaining allegations in Paragraph 39.
40. Miami-Dade County is without knowledge as to the allegations in Paragraph 40.
41. As to Paragraph 41, Miami-Dade County admits that John Doe #5 was convicted of lewd and lascivious assault on a child and sexual battery on a minor. Miami-Dade County is without

knowledge as to the remaining allegations in Paragraph 41.

42. As to Paragraph 42, Miami-Dade County admits that John Doe #5 was incarcerated several times for probation violations. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 42.

43. As to Paragraph 43, Miami-Dade County denies that John Doe #5 could not obtain housing compliant with the Ordinance; it is without knowledge as to the allegations in Paragraph 43.

44. As to Paragraph 44, Miami-Dade County admits that John Doe #5 cannot establish a new residence in Miami-Dade County that is within 2,500 feet of several schools. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 44.

45. Miami-Dade County is without knowledge as to the allegations in Paragraph 45.

46. As to Paragraph 46, Miami-Dade County denies that John Doe #5 has been unable to obtain rental housing in compliance with the Ordinance despite repeated attempts. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 46.

47. Miami-Dade County denies the allegations in Paragraph 47.

48. Miami-Dade County denies the allegations in Paragraph 48.

49. As to Paragraph 49, Miami-Dade County admits that John Doe #6 meets the definition of "sexual offender" under the Ordinance; it is without knowledge as to the remaining allegations in Paragraph 49.

50. As to Paragraph 50, Miami-Dade County admits that John Doe #5 is in his mid-40's; it is without knowledge as to the remaining allegations in Paragraph 50.

51. Miami-Dade County admits the allegations in Paragraph 51.

52. As to Paragraph 52, Miami-Dade County admits that the City of Surfside is located in Miami-Dade County; it is without knowledge as to the remaining allegations in Paragraph 52.

53. Miami-Dade County is without knowledge as to the allegations in Paragraph 53.

54. As to Paragraph 54, Miami-Dade County denies that John Doe #6 could not locate housing compliant with the Ordinance; it is without knowledge as to the allegations in Paragraph 54.

55. As to Paragraph 55, Miami-Dade County denies that John Doe #6 has been unable to obtain rental housing in compliance with the Ordinance despite repeated attempts. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 55.

56. Miami-Dade County denies the allegations in Paragraph 56.

57. Miami-Dade County denies the allegations in Paragraph 57.

58. As to Paragraph 58, Miami-Dade County admits that John Doe #7 meets the definition of "sexual

offender" under the Ordinance; it is without knowledge as to the remaining allegations in Paragraph 58.

59. As to Paragraph 59, Miami-Dade County admits that John Doe #7 is in his 70's; it is without knowledge as to the remaining allegations in Paragraph 59.

60. Miami-Dade County is without knowledge as to the allegations in Paragraph 60.

61. As to Paragraph 61, Miami-Dade County admits that John Doe #7 was convicted of sexual battery and lewd and lascivious molestation of a minor; it is without knowledge as to the precise age of the minor(s) that John Doe #7 sexually molested.

62. Miami-Dade County is without knowledge as to the allegations in Paragraph 62.

63. As to Paragraph 63, Miami-Dade County denies that John Doe #6 could not obtain housing compliant with the Ordinance; it is without knowledge as to the allegations in Paragraph 63.

64. Miami-Dade County is without knowledge as to the allegations in Paragraph 64.

65. Miami-Dade County is without knowledge as to the allegations in Paragraph 65.

66. As to Paragraph 66, Miami-Dade County denies that John Doe #7 has been unable to obtain rental housing in compliance with the Ordinance despite repeated attempts. Miami-Dade County is without knowledge as to the remaining allegations in Paragraph 66.

67. Miami-Dade County denies the allegations in Paragraph 67.

68. Miami-Dade County denies the allegations in Paragraph 68.

69. As to Paragraph 69, Miami-Dade County denies that none of the Plaintiffs have committed another sexual offense; it is without knowledge as to the remaining allegations in Paragraph 69.

### *Defendant*

70. Miami-Dade County admits the allegations in Paragraph 70.

## Facts

71. Miami-Dade County is without knowledge as to the allegations in Paragraph 71.

72. Miami-Dade County denies the allegations in Paragraph 72.

### I. Miami-Dade County's Lauren Book Child Safety Ordinance

73. As to Paragraph 73, Miami-Dade County admits that it amended its residency restriction ordinance in January 2010; it denies the remaining allegations in Paragraph 73.

74. Miami-Dade County admits the allegations in Paragraph 74.

75. Miami-Dade County admits the allegations in Paragraph 75.

5

76. Miami-Dade County denies the allegations in Paragraph 76 as there are exceptions to the Ordinance's residency restriction.
77. As to Paragraph 77, Miami-Dade County admits that the Ordinance applies to individuals who committed the relevant crime before the Ordinance was enacted and, as to the State of Florida's residency restriction, that statute speaks for itself and does not require a response; Miami-Dade County denies the remaining allegations in Paragraph 77.
78. As to Paragraph 78, Miami-Dade County denies the Plaintiffs' description of the County's Ordinance as it provides no recognition for the exceptions to the residency restriction; as for the State of Florida's residency restriction, that statute speaks for itself and does not require a response.
79. Miami-Dade County denies the allegations in Paragraph 79 as the Plaintiffs' description of the County's Ordinance provides no recognition for the exceptions to the residency restriction.
80. Miami-Dade County denies the allegations in Paragraph 80.
81. As to Paragraph 81, Miami-Dade County denies that its residency restriction has drastically exacerbated and continues to drastically exacerbate transience and homelessness in Miami-Dade County; it is without knowledges as to the remaining allegations in Paragraph 81.
82. Miami-Dade County admits that it provides online mapping assistance for the residency restriction and that it does not assume responsibility for the accuracy or timeliness of the information displayed; it denies the remaining allegations in Paragraph 82.
83. Miami-Dade County admits the allegations in Paragraph 80.

## II. The Ordinance Has Forced Hundreds into Homelessness and Transience.

84. Miami-Dade County is without knowledge as to the allegations in Paragraph 84.
85. Miami-Dade County is without knowledge as to the allegations in Paragraph 85.
86. Miami-Dade County is without knowledge as to the allegations in Paragraph 86.
87. Miami-Dade County is without knowledge as to the allegations in Paragraph 87.
88. Miami-Dade County is without knowledge as to the allegations in Paragraph 88.
89. Miami-Dade County denies the allegation in Paragraph 89.
90. Miami-Dade County is without knowledge as to the allegations in Paragraph 90.
91. Miami-Dade County is without knowledge as to the allegations in Paragraph 91.
92. Miami-Dade County is without knowledge as to the allegations in Paragraph 92.
93. Miami-Dade County is without knowledge as to the allegations in Paragraph 93.

94. Miami-Dade County is without knowledge as to the allegations in Paragraph 94.
95. As to Paragraph 95 of the Ordinance, Miami-Dade County denies that the Ordinance does not provide an exemption from the residency restriction for people to obtain shelter during extreme weather events; it is without knowledge as to the remaining allegations in Paragraph 95.
96. As to Paragraph 96, Miami-Dade County admits that Hurricane Irma resulted in a mandatory evacuation involving millions of Floridians. It denies that the Ordinance left those not under FDOC supervision without any shelter from the hurricane. And it is without knowledge as to the remaining allegations in Paragraph 96.
97. Miami-Dade County is without knowledge as to the allegations in Paragraph 97.
98. As to Paragraph 98, Miami-Dade County denies that its police department "threatened" to arrest people sleeping on private property; it is without knowledge as to the remaining allegations in Paragraph 98.
99. Miami-Dade County is without knowledge as to the allegations in Paragraph 99.
100. Miami-Dade County is without knowledge as to the allegations in Paragraph 100.

### III. The Ordinance Has Forced Hundreds into Homelessness and Transience.

101. As to Paragraph 101, Miami-Dade County admits that the intent of the Ordinance is to promote public safety by restricting certain former sexual offenders from living within 2,500 feet of schools; it denies that this intent is purported.
102. Miami-Dade County denies the allegations in Paragraph 102.
103. As to Paragraph 103, Miami-Dade County admits that the Ordinance contains findings that sexual offenders who target children present an extreme threat to public safety and that they are extremely likely to use physical violence and to repeat their offenses; it denies the remaining allegations in Paragraph 103.
104. Miami-Dade County denies the allegations in Paragraph 104.
105. Miami-Dade County denies the allegations in Paragraph 105.
106. Miami Dade County admits the allegations in Paragraph 106.
107. Miami-Dade County denies the allegations in Paragraph 107.
108. Miami-Dade County denies the allegations in Paragraph 108.
109. As to Paragraph 109, Miami-Dade County admits that the 2,500-foot distance may not be measured by a pedestrian route or automobile route but instead as the shortest straight line; it denies the remaining allegations in Paragraph 109.

110. Miami-Dade County denies the allegations in Paragraph 110.
111. Miami-Dade County denies the allegations in Paragraph 111.
112. Miami-Dade County denies the allegations in Paragraph 112.
113. Miami-Dade County denies the allegations in Paragraph 113.
114. Miami-Dade County denies the allegations in Paragraph 114.
115. Miami-Dade County denies the allegations in Paragraph 115.
116. Miami-Dade County denies the allegations in Paragraph 116.
117. Miami-Dade County denies the allegations in Paragraph 117.
118. Miami-Dade County denies the allegations in Paragraph 118.
119. Miami-Dade County denies the allegations in Paragraph 119.
120. Miami-Dade County denies the allegations in Paragraph 120.

## Count I
## Federal Ex Post Facto Violation

121. As to Paragraph 121, the Ex Post Facto Clause of the United States Constitution speaks to itself and, therefore, no response is required.
122. Miami-Dade County denies the allegations in Paragraph 122.
123. Miami-Dade County is without knowledge as to the allegations in Paragraph 123.
124. Miami-Dade County denies the allegations in Paragraph 124.
125. Miami-Dade County denies the allegations in Paragraph 125.

## Count II
## Florida Ex Post Facto Violation

126. As to Paragraph 126, the Ex Post Facto Clause of the Florida Constitution speaks to itself and, therefore, no response is required.
127. As to Paragraph 127, Miami-Dade County admits that the Ordinance apples to individuals who committed certain offenses before its passage; it denies the remaining allegations in Paragraph 127.
128. Miami-Dade County is without knowledge as to the allegations in Paragraph 128.
129. Miami-Dade County denies the allegations in Paragraph 129.
130. Miami-Dade County denies the allegations in Paragraph 130.

## Affirmative Defenses

1. Plaintiffs fail to state a claim against Miami-Dade County upon which relief can be granted.
2. Plaintiffs cannot establish that no set of circumstances exists under which the Ordinance would be valid.
3. Plaintiff(s) lack standing to assert a constitutional challenge to the Ordinance.
4. Plaintiffs are not entitled to assert a facial challenge based upon the allegations pled.
5. The Ordinance is a regulatory scheme that is civil and nonpunitive.
6. The Ordinance does not involve an affirmative disability or restraint to such an extent as to be considered punishment.
7. The Ordinance's residency restriction has not been historically regarded as punishment.
8. The Ordinance's residency restriction has a rational connection to an alternative nonpunitive purpose.
9. The Ordinance's residency restriction is not excessive in relation to its alternative nonpunitive purpose of promoting, protecting, and improving the health, safety, and welfare of the citizens of Miami-Dade County, particularly children.
10. Plaintiffs' claims are barred by laches as they have failed to assert their rights for an unreasonable and unexplained period of time and said delay has been prejudicial to Miami-Dade County.
11. No action by Miami-Dade County served as the cause, proximate or otherwise, for any of the harms alleged by Plaintiffs. Any harm suffered by Plaintiffs is the result of intervening causes by third parties. By Plaintiffs' own admission, they have been directed to the homeless encampment by the railroad tracks by officials from the Florida Department of Corrections, not Miami-Dade County.
12. If Plaintiffs have suffered any alleged harm, it is a result, in whole or in part, of their own conduct.
13. Plaintiffs have failed to join a required party because, by their own admission, certain housing locations that were compliant with Miami-Dade County's Ordinance were rendered unavailable due to the State's residency restriction and their current housing location came at the direction of the Florida Department of Corrections. To find Miami-Dade County's Ordinance unconstitutional based upon circumstances caused by a statute or action of a separate governmental entity would leave Miami-Dade County subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.
14. Miami-Dade County reserves the right to assert additional defenses as appropriate.

## Conclusion

Miami-Dade County respectfully requests that this Court dismiss the claims against it with prejudice and enter judgment in its favor; that the Court award it attorney's fees, litigation expenses, and costs, in accordance with applicable federal and state law; and that the Court award Miami-Dade County such other relief as the Court deems proper, equitable, and just.

Dated: October 26, 2017

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
Miami Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: /s/ *Michael B. Valdes*
Michael B. Valdes
Assistant County Attorney
Florida Bar No. 93129
Phone: (305) 375-5151
Fax:    (305) 375-5634
E-Mail: mbv@miamidade.gov

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served on October 26, 2017 on all counsel or parties of record in the manner indicated on the Service List below.

/s/ *Michael B. Valdes*

Assistant County Attorney

## Service List

| **Counsel for Plaintiffs** | **Counsel for Miami-Dade County** |
|---|---|
| Daniel B. Tilley and Nancy Abudu<br>ACLUE Foundation of Florida<br>4500 Biscayne Boulevard, Suite 340<br>Miami, FL 33137<br>Telephone: (786) 363-2714<br>Fax: (786) 363-1257<br>E-mail: dtilley@aclufl.org; nabudu@aclufl.org<br><br>Brandon J. Buskey and Ezekiel Edwards<br>American Civil Liberties Union Foundation<br>Criminal Law Reform Project<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: (212) 284-7364<br>Fax: (212) 549-2654<br>E-mail: bbuskey@aclu.org; eedwards@aclu.org<br><br>Jeffrey M. Hearne and Daniel R. Quintian<br>Legal Services of Greater Miami, Inc.<br>4343 W. Flagler Street, Suite 100<br>Miami, Florida 33134<br>Telephone: (305) 576-0080<br>Fax: (305) 573-5800<br>Email: jhearne@legalservicesmiami.org;<br>          drowinsky@legalservicesmiami.org<br><br>*Electronic Service* | Michael B. Valdes and Oren Rosenthal<br>Assistant County Attorney<br>Miami-Dade County Attorney's Office<br>111 N.W. 1st Street, Suite 2810<br>Miami, Florida 33128<br>Telephone: (305) 375-5151<br>Fax: (305) 375-5634<br>Email: mbv@miamidade.gov;<br>          orosent@miamidade.gov<br><br>*No service necessary* |